Douglas MORRIS, Plaintiff–Appellant,

v.

ARIZONA BEVERAGE COMPANY, L.L.C., a New York limited liability company, Defendant–Appellee.

No. 04–13462.

Non–Argument Calendar

D.C. Docket No. 03–60907–CV–DLG.

United States Court of Appeals, Eleventh Circuit.

April 22, 2005.

Chris Kleppin, Glasser, Boreth, Ceasar & Kleppin, Plantation, FL, for Plaintiff–Appellant.

Megan L. Lenker, Scott T. Silverman, Zinober & Mccrea, P.A., Tampa, FL, for Defendant–Appellee.

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM.

In this case, the district court granted defendant summary judgment on plaintiff's age discrimination claims brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. Record Vol. 4 at Tab 172. Plaintiff now appeals that judgment, contending that material issues of fact preclude summary judgment, and the district court's denial of his motion for reconsideration.

The district court concluded that plaintiff established a *prima facie* case of age discrimination under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), procedural

rubric and that defendant had articulated a legitimate, non-discriminatory reason for its decision to terminate plaintiff's employment. The court then examined the record to determine whether plaintiff had shown defendant's reason to be a pretext for discrimination.[1] After considering what plaintiff offered on this point, the court concluded that plaintiff's evidence was insufficient to permit a trier of fact to conclude that defendant's reason for terminating the employment was a "pretext for age discrimination or that a discriminatory reason more likely motivated" defendant to discharge plaintiff. *Id.* at 17.

We find no error in the district court's conclusions, and we discern no abuse of discretion in its decision denying plaintiff's motion for reconsideration.

**AFFIRMED.**

1. Our analysis of the state law age discrimination claim is the same as our analysis of its federal counterpart.